UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE MAE DUMAS, and
LOWANA DUMAS,

                  Plaintiffs,

                                    CASE NO. 14-CV-12666
v.                                 HONORABLE GEORGE CARAM STEEH

BALDWIN HOUSE MANAGEMENT,
ET AL.,

                  Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 3)

This is the second discrimination case pro se plaintiff Willie Mae Dumas ("plaintiff") has brought against her former employer, Baldwin House Management ("Baldwin House"), and several of her supervisors there, arising out of her employment as a dietary aide for less than one year.  This court dismissed the first action finding her claims were time-barred or otherwise failed to state a claim, and the Sixth Circuit affirmed.  While the appeal of her first action was still pending, plaintiff filed a new lawsuit in Genesee County Circuit Court alleging the same race and disability discrimination claims asserted in her first lawsuit, and also alleging that she suffered retaliation for complaining of "elder discrimination, religious discrimination, and a hostile work environment."  Defendants removed the action here and filed this motion to dismiss based on the doctrine of res judicata, and for plaintiff's failure to state a claim.  Plaintiff has not responded and the time period for doing so has expired.  The court is well aware of the Sixth Circuit's admonition

that a district court may not grant a defendant's motion to dismiss on the sole basis that a plaintiff has failed to respond. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Even in the absence of a response, the court is required to examine the movant's motion to dismiss to ensure that the movant has met its burden. *Id.* The court shall undertake such an analysis here, and for the reasons set forth below, defendants' motion shall be granted.

### I. Non-lawyer Cannot Represent her Mother

As an initial matter, the court notes that Willie Dumas filed her complaint on her own behalf, as is her right. Her daughter, Lowana Dumas, however, who asserts no individual claims, also lists herself as a party plaintiff, identifies herself as a "consultant" and signed the pleadings. The law is clear that a non-lawyer with no individual stake in the litigation may not represent another. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). An individual in federal court may choose to represent herself *pro se*, but may not choose to have a non-lawyer represent her. *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Accordingly, Lowana Dumas is DISMISSED.

### II. Background

Plaintiff, an African-American, worked for Baldwin House as a dietary aide from approximately July 2011 until she resigned on May 15, 2012. Prior to her resignation, she filed an EEOC complaint. On October 5, 2012, the EEOC issued its right-to-sue letter advising plaintiff that she had 90-days to file a lawsuit. Over a year later, on October 23, 2013, plaintiff filed her first employment discrimination lawsuit using a Title VII complaint form provided by the district court. This court dismissed because her Title VII, 42 U.S.C. § 2000e to 2000e-17, Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 to 12213; and Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, claims were time-

barred as they were not filed within 90-days of receipt of her right-to-sue letter from the EEOC. This court also dismissed her 42 U.S.C. §§ 1981 and 1985 claims for failure to state a claim. In her new complaint, first filed in Genesee County Circuit Court on March 18, 2014, and removed here on July 8, 2014, plaintiff once again alleges race discrimination under 42 U.S.C. §§ 1981, 1983, and 1985, and disability discrimination under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq,* as well as related state law claims. Plaintiff also alleges that defendants violated her First Amendment rights. In her new complaint, plaintiff names as defendants her same employer and the same three supervisory employees named in her first lawsuit, as well as another supervisor and the owner of Baldwin House.

### III. Standard of Review

A court may consider a motion to dismiss on res judicata grounds under the standards set forth under Federal Rule of Civil Procedure 12(b)(6). *Helfrich v. Metal Container Corp.*, 102 F. App'x 451, 452 (6th Cir. 2004). Rule 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

## IV. Analysis

### A.    Pro Se Litigants

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted).  Even this liberal standard, however, cannot save plaintiff's claims here from dismissal.  A *pro se* plaintiff must still allege facts sufficient to support her claims.  *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).  Plaintiff has failed to do so here.

### B.    Res Judicata

The doctrine of res judicata prohibits relitigation of all claims or issues which were actually litigated or which could have been litigated in a prior action.  *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996).  The Sixth Circuit uses a four-part test to determine whether res judicata applies to a subsequent action; namely (1) a final decision on the merits was reached in the first action; (2) the subsequent action is between the same parties or their privies; (3) an issue in the subsequent action was litigated or should have been litigated in the prior action; and (4) the two lawsuits contain an identity of the causes of action.  *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir.

-4-

2006).  In terms of the fourth requirement, 'there must be an identity of the causes of action, that is, an identity of facts creating the right of action and of evidence necessary to sustain each action."  *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).  Each of the factors is met here.

First, a Rule 12(b)(6) dismissal for failure to state a claim operates as a decision on the merits for res judicata purposes.  *Federated Dep't Stores, Inc. v. Moitie*, 542 U.S. 394, 399 n.3 (1981).  Second, plaintiffs' second lawsuit involves the same employer and supervisory employees as the first lawsuit.  The fact that the second lawsuit also names the owner of Baldwin House and another supervisory employee does not change the analysis as those parties are "privies" to the first lawsuit.  *See Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008) (finding res judicata where second employment discrimination claim involved the same employer and employees as well as claims against three additional employees).  Third, the race and disability discrimination claims here were previously addressed in the prior lawsuit.  To the extent plaintiff's employment discrimination claims here differ in theory from those that were previously addressed, they could and should have been litigated in the prior lawsuit as the claims are based on the same allegedly discriminatory acts.  *See Harrington v. Vandalia-Butler Bd. of Educ.*, 649 F.2d 434, 437 (6th Cir. 1981) ("[w]hen two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory or recovery is advanced in the second suit.")  Fourth, the two lawsuits contain an identity of the causes of action as both arise out of the same ten-month period of employment and allegations of discrimination during that time period.  Having met each of

the four factors, plaintiffs' lawsuit here must be dismissed based on the doctrine of res judicata.

## C.      Failure to State a Claim

In addition, plaintiff's claims are also subject to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  For the same reasons identified by the Sixth Circuit affirming the dismissal of plaintiff's prior employment discrimination claims, her 42 U.S.C. §§ 1981, 1983, and 1985 shall be dismissed.  Dumas failed to state a claim under § 1981 as she failed to  provide any supporting allegations of race discrimination in her complaint.  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).  Plaintiff's § 1983 claim, which includes her claim for alleged violations of her First Amendment rights, must be dismissed as she failed to allege any state action.  *Cochran v. Gilliam*, 656 F.3d 300, 306 (6th Cir. 2011); *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) ("private entity acting on its own cannot deprive a citizen of First Amendment rights"). Plaintiff's § 1985 claim must be dismissed because plaintiff's complaint does not allege a conspiracy, and in any event, under the "intracorporate conspiracy" where "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy."  *Amadasu*, 514 F.3d at 507.  Where all of the defendants here were plaintiff's former employer and its employees and owner, the "intracorporate conspiracy" doctrine applies and bars plaintiff's § 1985 claim.  Finally, plaintiff's claim under the ADAAA is untimely as she did not file her claim within 90-days of receipt of her right-to-sue letter from the EEOC.  42 U.S.C. § 12117(a).

## V. Conclusion

For the reasons set forth above, defendants' motion to dismiss (Doc. 3) is GRANTED as to all plaintiff's federal claims.   Having dismissed all of plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).  Because this case was removed, the state law claims are REMANDED to the Genesee County Circuit Court.   *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004).

**IT IS SO ORDERED**.

Dated:  February 12, 2015

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 12, 2015, by electronic and/or ordinary mail and also on Willie Mae Dumas, 2615 Martin L King Avenue, Flint, MI 48505-4941.

s/Barbara Radke
Deputy Clerk